IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00393-WYD
(Criminal Action No. 06-cr-00209-WYD-1)

UNITED STATES OF AMERICA,

v.

1.      ELADIO BELTRAN-LOPEZ, also known as ELADIO LOPEZ BELTRAN,

    Movant.

_____

ORDER
_____

This Matter is before the Court on the *pro se* Petition for Reconsideration filed by Movant Eladio Beltran-Lopez, also known as Eladio Lopez Beltran, filed on April 24, 2009 [#82], and Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed on April 10, 2009 [#81]. In the Petition for Reconsideration, Movant seeks reconsideration of my April 8, 2009, order denying his first motion for relief pursuant to 28 U.S.C. § 2255 as untimely. I must construe Movant's filings liberally because Movant is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

By way of background, I note that Movant was convicted by a jury of unlawfully reentering the United States after previously having been deported and after previously having been convicted of an aggravated felony. On November 30, 2006, he was

sentenced to 125 months of incarceration. Judgment was entered on the docket on December 15, 2006. On October 31, 2007, the United States Court of Appeals for the Tenth Circuit affirmed his sentence. *See United States v. Beltran-Lopez*, No. 06-1530, 2007 WL 3226460 (10th Cir. Oct. 31, 2007). Certiorari review was denied on February 19, 2008. On February 24, 2009, Movant filed a motion, which was subsequently construed as a motion to vacate pursuant to § 2255, in which he again challenged his sentence. On March 4, 2009, I ordered Movant to cure a deficiency in this case by filing an amended § 2255 motion within thirty days on the proper, court-approved form. However, on April 8, 2009, I entered an order dismissing the February 24, 2009, § 2255 motion as untimely, concluding that the motion was filed with this court more than one year after Movant's judgment of conviction became final on February 19, 2008. On April 10, 2009, Movant re-filed his § 2255 motion on the proper form, and on April 24, 2009, Movant filed the instant Motion for Reconsideration.

"'[R]egardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion. *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). There are three major grounds that justify reconsideration under Rule 59(e) (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v.*

*United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.

In the instant Motion for Reconsideration, Movant states that he complied with my order to re-file his § 2255 motion on the proper form within the thirty-day deadline by giving the amended § 2255 motion to prison staff to be forwarded to the court on April 3, 2009. However, even assuming that Movant did timely comply with my March 4, 2009 Order to Cure, I find that this case must nevertheless be dismissed because Movant's initial § 2255 motion is untimely. As stated in my April 8, 2009 order, pursuant to § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. The judgment of conviction in this criminal action became final on February 19, 2008, when the United States Supreme Court denied Movant's petition for writ of certiorari on direct appeal. *See United States v. Willis*, 202 F.3d 1279, 1281 (10th Cir. 2000). Movant does not allege that unconstitutional governmental action prevented him from filing his initial § 2255 motion sooner. In addition, his initial § 2255 motion does not assert any rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and the facts supporting his claims were or could have been discovered at the time he was convicted and during the course of his direct appeal. Therefore, Movant needed to file his initial § 2255 motion with this court no later than February 19, 2009. Movant has not set forth grounds under Rule

59(e) that would justify reconsideration of my order dismissing the initial § 2255 motion, filed February 24, 2009, as untimely.

Accordingly, it is

ORDERED the Petition for Reconsideration filed April 24, 2009 [#82] is **DENIED**. It is

FURTHER ORDERED that the amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed April 10, 2009 [#81], is **DENIED** as time-barred.

Dated:  October 26, 2009

                                   BY THE COURT:

                                   s/ Wiley Y. Daniel
                                   Wiley Y. Daniel
                                   Chief United States District Judge